# Commonwealth v. Morrison

N. *Christopher Menges, Assistant District Attorney,* for Commonwealth.

R. *Bruce Evanick, Assistant Public Defender,* for defendant.

CASSIMATIS, *J.*, March 11, 1981—This is before the court for disposition of defendant's motion for suppression of evidence obtained in a search of defendant's purse.

The facts are as follows. Defendant was arrested by a store security guard for shoplifting (retail theft). She was taken to a back room and told to empty her purse. Before she complied, however, she took something from her purse and put it in her back pocket. The search of the purse revealed the suspected stolen items but the guard, having seen defendant transfer the item, asked her to empty her pockets. She emptied them all except for the back pocket. When the guard asked her what was in the pocket she had not emptied, she admitted that it was marijuana.

The security guard took no further action until the police officer arrived. He told the officer what

had happened, whereupon the officer ordered defendant to empty her purse again. This search revealed the marijuana which was then confiscated by the officer.

Defendant argues that the search of the purse by the police officer was illegal and that the evidence should, therefore, be suppressed.

Neither side disputes the legality of the arrest and search of the purse by the security guard. The issue then is whether the police officer was justified in making a second search.

The Commonwealth argues that, upon the discovery of the marijuana by the security guard, it took "constructive possession" of it and was merely exercising its rights to confiscate known contraband in the second search.

The Commonwealth cites no cases to support this proposition, and we have found none. To the contrary, this position runs counter to the thrust of the Fourth Amendment: it is not a police officer but a neutral magistrate who must determine whether the Commonwealth has sufficient evidence of contraband to conduct a search for it.

There are a few strictly limited exceptions to the search warrant rule, the relevant one here being a search incident to arrest. An arresting officer has the right to conduct a "prompt" search of the "arrestee's person and the area 'within his immediate control.'" Chimel v. California, 395 U.S. 752, 763, 23 L.Ed. 2d 685 (1969). The purpose of this exception is for the protection of the police and for the prevention of the loss of destructible evidence: Chimel, supra.

In this case, the police officer's search of the purse was the second such search. The officer had already been told of its contents by the security guard, so he knew it contained no weapon. Further,

defendant knew the officer was coming. If she intended to destroy the evidence, she would have done so before his arrival.

In other words, the justifications for a warrantless search of an arrestee were not present in this case. If the officer had probable cause to suspect that the marijuana was in the purse, he could have seized the purse and obtained a warrant: U.S. v. Chadwick, 433 U.S. 1, 53 L.Ed. 2d 538 (1977).

To sum up, the underlying circumstanaces usually surrounding an arrest which justify a warrantless search were not present in this case. For this reason, the police officer did not have reason to conduct the search. Defendant's motion to suppress will be granted.

Accordingly, we shall enter the following

## ORDER

And now, March 11, 1981, defendant's motion to suppress evidence seized in an illegal search of her purse is granted. Said evidence will not be admissible at her trial.

The clerk of courts is directed to provide notice of the entry of this opinion and order as required by law.